UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JACINTO UMANA,

                    Petitioner,

-against-

CALVIN RABSATT, SUPERINTENDENT

                    Respondent.
----------------------------------------------------------X

MEMORANDUM AND ORDER
11-cv-04298(JFB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 25 2012 ★
LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

By petition for Writ of Habeas Corpus dated September 6, 2011, petitioner Jacinto Umana, proceeding *pro se* and *in forma pauperis*, requests that the Court vacate his 2008 New York State court conviction for Assault in the Second Degree [N.Y.P.L. § 120.05(2)]. Respondent argues that Mr. Umana's petition is moot because petitioner was physically deported sometime before November 22, 2011 pursuant to a deportation ordered issued on October 17, 2003 that ordered him removed as a result of immigration charges including illegal entry into the United States without inspection, and because Mr. Umana was already barred from re-entry into the United States because he was found guilty of a separate aggravated felony in 1993. For the reasons set forth below, Mr. Umana's petition is dismissed as moot.

Federal courts are permitted to exercise jurisdiction only over cases "that present a live case or controversy." *Arias v. Donilli*, No. CV-03-4098(DGT), 2007 WL 433402, at *4 (E.D.N.Y. Feb. 6, 2007) (construing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). The Supreme Court has explained that "a criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." *Silbron v. New York*, 392 U.S. 40, 57 (1968). "The Supreme Court has held that a

habeas petition challenging a criminal conviction is not moot if the petitioner, although released from custody, may continue to suffer collateral consequences as a result of that conviction." *Garcia v. Woughter*, No. 1:09–cv–7722 (GBD)(JCF), 2011 WL 5519899, slip op. at *1 (S.D.N.Y. Nov. 14, 2011) (construing *Pollard v. United States*, 352 U.S. 354, 358 (1957)).

In the present case, "there is no material possibility that [Umana] will suffer collateral consequences on the basis of the challenged conviction." *Perez v. Greiner*, 296 F.3d 123, 125 (2d Cir. 2002). Aliens who have been convicted of aggravated felonies and have been deported are permanently barred from re-entry into the United States. *See* 8 U.S.C. § 1182(a)(9)(A)(ii)(I). In 1993, prior to petitioner's instant conviction for Assault in the Second Degree in violation of N.Y.P.L. § 120.05(2), petitioner was convicted in New York State of Robbery in the First Degree, where he received a sentence of two years incarceration. Robbery in the First Degree qualifies under 8 U.S.C. § 1101 as an aggravated felony conviction, which includes "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G). Since Mr. Umana has already been deported and is permanently barred from re-entry into the United States based on this conviction, his "petition does not meet the case-or-controversy requirement under Article III, § 2 of the Constitution because [petitioner's] inability to legally enter the United States – the collateral consequence of his . . . conviction[] – cannot be 'redressed by a favorable judicial decision.'" *De La Rosa v. Ebert*, 03 Civ. 9820 (AKH), 2005 U.S. Dist. LEXIS 3450, at *10 (S.D.N.Y. Mar. 4, 2005) (quoting *Kemna*, 523 U.S. at 7). Thus, even if Mr. Umana's 2008 conviction for Assault in the Second Degree were overturned, he would still be permanently barred from re-entry to the United States. *See Perez*, 296 F.3d at 125-26 (deported petitioner's habeas petition moot since, even if challenged convictions set aside, he would remain barred

from re-entry based on prior conviction for Attempted Criminal Sale of a Controlled Substance in the Third Degree); *Woughter*, 2011 WL 5519899, slip op. at *2 (deported petitioner's habeas petition moot since, even if challenged convictions set aside, he would remain barred from re-entry based on prior forgery conviction); *Arias*, 2007 WL 433402, at *4 (deported petitioner's habeas petition moot since, even if challenged convictions set aside, he would remain barred from re-entry based on prior convictions); *De La Rosa*, 2005 U.S. Dist. LEXIS 3450, at *9-10 (deported petitioner's habeas petition moot since, even if challenged convictions set aside, he would remain barred from re-entry based on prior conviction for criminal possession of controlled substances); *Brown v. Mazzuca*, No. 03 CV 666(JG), 2004 WL 1753314, at *5 (E.D.N.Y. Aug. 5, 2004) (deported petitioner's habeas petition moot because his previous aggravated felony conviction of Robbery in First Degree rendered him deportable and barred from United States).

Accordingly, because petitioner can show no collateral consequences resulting from his 2008 conviction for Assault in the Second Degree, his petition for a Writ of Habeas Corpus is dismissed as moot.[1]

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: January 25, 2012
Central Islip, New York

---

[1] Additionally, petitioner has failed to provide the Court with a new address, so there is currently no way to contact petitioner. Accordingly, the Court also dismisses the petition pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. "Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached." *Abreu-Guzman v. Lempke*, No. 10 Civ. 6659(RJH)(GWG), 2011 WL·4862959, slip op. at *2 (S.D.N.Y. Oct. 13, 2011) (collecting cases).